IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF WISCONSIN

LINDSAY RUTLEDGE

                              Plaintiff,                              ORDER

        v.                                                           14-cv-724-jdp

CAROLYN W. COLVIN,
Acting Commissioner of Social Security,

                              Defendant.

        Plaintiff Lindsay Rutledge seeks judicial review of a final decision of defendant Carolyn W. Colvin, the Acting Commissioner of Social Security, finding her not disabled within the meaning of the Social Security Act. On June 25, 2015, the court heard oral argument in this case. For reasons discussed during the hearing, the court will remand this case to the Commissioner for further proceedings.

        Rutledge alleged that she was unable to work because of pain associated with fibromyalgia. Her long-time treating pain specialist, Jeffrey Gorelick, MD, provided several opinions on the physical limitations that Rutledge suffers because of her pain. In 2011, Dr. Gorelick explained that Rutledge would have a combination of good days and bad days. R. 574-75.[1] On good days, Rutledge would be capable of sedentary work, but not for eight hours and only if she had significant flexibility to change postural positions and avoid repetitive activities. *Id.* The ALJ did not give Dr. Gorelick's opinion significant weight because of the "relatively routine nature of the treatment provided" and because Rutledge's activities of daily living appeared to contradict such limitations. R. 595. Remand is required because the ALJ did not adequately explain why he withheld controlling weight from Dr. Gorelick's opinion.

---

[1] Record cites are to the administrative record. Dkt. 10.

The ALJ did not indicate what was "routine" about Rutledge's treatment with Dr. Gorelick, or what other treatment would be required to support Dr. Gorelick's proposed limitations. Moreover, the ALJ's appraisal of Rutledge's activities of daily living was not supported with substantial evidence. The ALJ did not summarize the ways in which Rutledge modifies her activities to account for her pain, and he did not analyze the waxing and waning nature of Rutledge's condition. Thus, the ALJ did not explain why Dr. Gorelick's opinion is inconsistent with the evidence of record, and why the opinion does not deserve controlling weight.

Regardless of whether controlling weight is appropriate, the ALJ must identify and apply the pertinent regulatory factors in 20 C.F.R. § 404.1527(c) to weigh Dr. Gorelick's opinion and the opinions from other medical sources. Dr. Gorelick is a specialist in pain management. And although the ALJ mentioned Dr. Gorelick's treating relationship with Rutledge, he glossed over the length of that relationship and the frequency with which Rutledge saw Dr. Gorelick. Because these factors would normally weigh strongly in favor of Dr. Gorelick's opinion, the ALJ needed to provide a substantial justification for nevertheless affording more weight to the opinions of state agency consultants. Yet the ALJ offered only a single, conclusory sentence to support the "significant weight" that he gave to their determinations. The ALJ has not built an accurate and logical bridge between the evidence and his evaluation of the medical opinions in this case.

The court notes that this will be the second time that Rutledge's case has been remanded to the Commissioner, and that remand is necessary now for essentially the same reasons that remand was necessary the first time. The ALJ must adequately explain why Dr. Gorelick's opinion is not entitled to controlling weight by identifying how it is inconsistent with other evidence of record. And if the ALJ determines that controlling weight is not appropriate, then he must still identify and apply the pertinent § 1527(c) factors. The ALJ must also reevaluate

Rutledge's credibility. To properly do so, he must accurately describe and carefully analyze Rutledge's activities of daily living, as well as the good day-bad day nature of her condition. If the ALJ finds discrepancies between Rutledge's treatment and the severity of the pain that she reports (*e.g.*, that she stopped taking narcotic pain medication), then the ALJ must explore the reasons behind that discrepancy before drawing any conclusions from it.

Accordingly, IT IS ORDERED that the decision of defendant Carolyn W. Colvin, Acting Commissioner of Social Security, denying plaintiff's application for disability benefits is REVERSED AND REMANDED under sentence four of 42 U.S.C. § 405(g) for further proceedings consistent with this opinion. The clerk of court is directed to enter judgment for plaintiff and close this case.

Entered July 2, 2015.

BY THE COURT:

/s/

_____
JAMES D. PETERSON
District Judge